UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____X

| | |
|---|---|
| MOISES ALEXIS ) | |
| ) | "E C F CASE" |
| Plaintiff, ) | |
| ) | |
| ) | **COMPLAINT** |
| V. ) | |
| ) | JURY TRIAL |
| CITY OF YONKERS, CITY OF YONKERS POLICE DEPATMENT, ) | Demanded. |
| POLICE OFFICERS, CHRISTIAN KOCH, Badge No. 137, IN HIS ) | |
| INDIVIDUAL AND OFFICIAL CAPACITY, JOHN DOE NO. 1, ) | Civil Action |
| BADGE NO. 289. IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, ) | |
| POLICE OFFICER, JOHN DOE NO. 2, BADGE NO. 284, IN HIS ) | 07CV 5973 |
| INDIVIDUAL AND OFFICIAL CAPACITY, POLICE OFFICER, JOHN | (JSR) |
| DOE NO. 3., BADGE NO. 960, IN HIS INDIVIDUAL AND OFFICIAL ) | |
| CAPACITY, AS POLICE OFFICERS OF THE CITY OF YONKERS ) | |
| NEW YORK. ) | |
| Defendants, | |
| _____X | |

Plaintiff, by his attorney, **WELTON K. WISHAM**, Esq., of **THE LAW OFFICES OF WELTON K. WISHAM**, respectfully alleges as follows upon information and belief as his Complaint:

**JURISDICTIONAL STATEMENTS**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, under 42 U.S.C. Sections 1983 , 1985 (3) , 42 U.S.C.A. Section 1981,and under 28 U.S.C. Section 1367. This action arises under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York and under the common law of the State of New York and under New York McKinney's Executive Law Section 296 subdivision 2(a). Plaintiff requests that this Court exercise Pendent jurisdiction over those State law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

1

**PRELIMINARY STATEMENT AND SUMMARY**

2. This is an action seeking to redress the derivations by the defendants of the Plaintiffs' Civil Rights secured to the plaintiff by the Constitution of the United States and laws of the State of New York.

3. On June 26, 2006, Plaintiff was beaten, arrested, charged, detained, and held against his will by the Yonkers Police Department without reason or legal justification. Plaintiff was charged with Attempted Assault in the second degree and Resisting Arrest. These charges are totally false, without merit and lack legal justification and were instituted by the Yonkers Police Department in an attempt to cover up their illegal conduct.

4. 179 Valentine Lane, Yonkers, New York County of Westchester. As Mr. Alexis left his friends' apartment and began to walk on a public sidewalk in front of 179 Valentine Lane, plaintiff was confronted by members of the Yonkers Police Department.

5. Plaintiff was ordered to "get against the wall". Mr. Alexis complied. Plaintiff informed the police that he was handicapped with a back ailment and was slow to move. Suddenly, the defendant officers began to attack the plaintiff for no apparent reason other than to punish him for moving slowly.

6. The defendant officers pulled out their nightsticks and began to beat plaintiff throughout his body repeatedly with their nightsticks and fists.

7. The plaintiff was thrown to the ground by the defendant police officers who continued their unlawful attack by kicking the plaintiff repeatedly and beating him with their police issued nightsticks. Plaintiff face was swollen and his arms were scrapped due to the police attack. In addition, plaintiff suffered damage to his ankles and ribs. His nose was bleeding excessively

and his fingers were also cut from the force inflicted upon him by the defendant police officers.

8. Mr. Alexis suffered tremendous pain and lost a significant amount of blood due to the unwarranted and unlawful police beating by the defendant police officers. As a result of the beating, plaintiff was unable to stand or walk and had to be carried by the police officers. Plaintiff was handcuffed and held in police custody for approximately twelve (12) hours.

9. Plaintiff was taken to St. Joseph Medical Center for emergency treatment by the defendant officer Koch and other defendant officers who continued their torment of the plaintiff by laughing at the plaintiff and telling the plaintiff that plaintiff's wife "is an animal too and we should arrest her too". Plaintiff was handcuffed in a chair while waiting for medical treatment.

10. Plaintiff began to sing "We shall overcome". The defendant officers told him to shut up and grabbed plaintiff around his throat. Blood began to flow out of plaintiff mouth as a direct result of the force inflicted on him by the defendant police officers.

11. The defendant's officers are police officers of the Yonkers Police Department who illegally searched, seized, falsely detained, harassed, threaten, assaulted, battered, embarrassed, humiliated, conspired against, and held Plaintiff against his will and without his consent for several hours, without probable cause, or legal justification.

12. Plaintiff filed a complaint against the defendant police officers with the Yonkers Police Department and Internal Affairs alleging that plaintiff's civil rights were violated by defendants. As of this date no action by the City or the Yonkers Police Department has been taken against the defendant police officers.

13. Plaintiff alleges that the City of Yonkers, New York is liable for the wrongful acts committed against the plaintiff by the defendant police officers because the City of Yonkers has tolerated and permitted a pattern of illegal stops, assaults, arrests and detainments on minority persons and has failed to maintain a proper system for reviewing these illegal activities by police officers with the result that police officers of the City of Yonkers are encouraged to believe that they can violate the Constitution rights of African Americans and other minorities with impunity.

14. Plaintiff, Moise Alexis, is a 28 year old African American and Citizen of the United States of America residing in the State of New York, County of Westchester.

15. The Plaintiff was charged with resisting arrest and disorderly conduct. These charges are without merit and were filed to cover up the illegal conduct by the Yonkers Police Department.

## VENUE

16. Under 28 U.S.C. Sec. 1391(b), venue is proper in the Southern District of New York because the events giving rise to the plaintiffs' claims occurred in that District.

## PARTIES

17. At all times hereinafter mentioned in this complaint, Plaintiff, Moise Alexis is a Twenty Eight (28) year old African American citizen of the United States of America residing at 472 Hawthorn Ave, Yonkers, New York, County of Westchester.

18. Defendants Police Officers upon information and belief and at all times material hereto are members of the City of Yonkers Police Department in Westchester County.

19. Defendants Police Officers were at all times relevant, duly appointed and acting employees of the City of Yonkers Police Department working as uniformed police officers.

20. The Defendant, City of Yonkers, New York, is a municipal corporation within the State of New York. The City of Yonkers has established and maintains the City of Yonkers Police Department as a constituent department or agency.

21. At all times relevant hereto, the City of Yonkers employed the defendant Police Officers involved in this incident.

22. The defendant police officers involved in the incident underlying this lawsuit were at all times relevant, agents, servants and employees acting within the scope of their employment by Defendant City of Yonkers.

**FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH, SEIZURE AND EXCESSIVE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES <u>CONSTITUTION</u>**

23. That Plaintiff repeats, reiterates and realleges each and every allegations contained in Paragraphs 1 through 22, with the same force and effect as though more fully set forth at length herein.

24. On June 26, 2006, at approximately 9:30 pm, plaintiff was physically brutalized, assaulted, battered and placed in custody, arrested, detained, searched and seized by the defendant police officers against plaintiff's will and without his consent and without probable cause or legal justification.

25. At the time of the arrest, plaintiff was lawfully standing on a public street and was not engaged in any form of criminal activity. Defendant officers acting in their individual and official capacity as police officer of the City Of Yonkers New York, and under color of law, conspired together and with others and reached a mutual understanding to undertake a course of

5

conduct that violated plaintiff's Equal Protection of the Laws and the privileges and immunities under the law.

26. Upon information and belief the aforesaid mentioned City of Yonkers Police Officers threatened the plaintiff with the unauthorized use of force by pulling out their nightsticks and walking directly towards the plaintiff in a threatening manner.

27. Plaintiff was searched, seized, arrested, prosecuted and forcibly place in a Police vehicle by the Defendants Police Officers.

28. Plaintiff was then transported to a Police Precinct in the City of Yonkers where he was falsely charged by the defendants for resisting arrest and attempted assault.

29. As a further result of the above described acts by the individual defendants, plaintiff was deprived of his rights and immunities secured to him under the Constitution and laws of the United States and the State of New York including but not limited to his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States including the right to be free and secure in their persons and to free from arrest or search without probable cause or pursuant to a warrant and to be free from unreasonable conditions of confinement and free from excessive and unreasonable use of force.

30. Plaintiff alleges that the City of Yonkers, New York through the City of Yonkers Police Department, violated his Equal Protection Rights by treating him differently as an African American than those Caucasian or white suspects and detainees similarly situated based solely on account of the plaintiff's race with the intent to injure the plaintiff. Plaintiff claims that there was no rational basis to threaten or to treat him differently than any other non black citizen of the United States. Defendant police officers subjected plaintiff to intentional discrimination because of his ancestry and race in violation of the Equal Protection Clause under the Fourteenth

Amendment to the Constitution of the United States and under 42 U.S.C. Section 1981, including but not limited to his right to full and equal benefits of all laws and proceedings for the security of persons and property.

## SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

31. That Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 30, with the same force and effect as though more fully set forth at length herein.

32. By reason of the foregoing, the Plaintiff was intentionally confined without privilege or probable cause to believe that a crime had been committed. Plaintiff was aware of and did not consent to his confinement. Plaintiff was thereby falsely arrested and detained by defendants' police officers and the Yonkers Police Department and the City of Yonkers.

33. The Plaintiff was grabbed, handcuffed and beaten throughout his body by the arresting officers causing significant physical injuries to the Plaintiff.

34. The force used in arresting the Plaintiff was extreme, unreasonable and unnecessary.

35. As a direct and proximate result of the above described unlawful and malicious acts of the defendant police officers, all committed under color of their authority as police officers and while acting in that capacity. Plaintiff suffered emotional damage all of which is in violation of plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof. As a direct result thereof, Moise Alexis has been irreparably injured. This action is brought pursuant to 42. U.S.C Section 1983 which holds that the defendants' action caused the deprivation of the plaintiff's liberty under the Constitution of the United States.

## THIRD CLAIM FOR RELIEF FOR CITY OF YONKERS NEGLIGENT FAILURE TO TRAIN, SUPERVISE, OR DISCIPLINE POLICE OFFICERS

36. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 35 with the same force and effect as though more fully set forth at length herein.

37. That at all time hereinafter mentioned the police officers involved in the incident complained of herein were negligently hired, trained, supervised, or retained or disciplined by the City of Yonkers, New York.

38. That the acts complained of herein resulted from the defendant City of Yonkers through its agents, servants and employees, breaching its duty to properly assign, train, supervise or discipline its laws enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully arrested, detained, assaulted, battered, abused and humiliated the plaintiff and forced the plaintiff to defend against unwarranted criminal charges. This action is brought pursuant to 42 U.S.C.A. Section 1983.

39. The defendant City of Yonkers failure to properly assign, train, supervise or discipline its police officers including the police officers involved in this incident herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests and detentions allowed the defendants to believe that they could with impunity arrest, assault, batter, detain and prosecute the Plaintiff.

40. By reason of the foregoing, the individual defendants individually and through defendant's agents, servants and employees, failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement employee would have used under similar circumstances thus resulting in significant physical and emotional injuries to the plaintiff.

41. As a consequence thereof, the Plaintiff, Moise Alexis has been severely injured.

42. The failure of the Mayor of the City of Yonkers, New York and the Police Commissioner to adequately train, supervise or discipline or in any other way control the behavior of the defendant police officers in the exercise of their police functions and their failure to enforce the laws of the State of New York and the regulations of the City of Yonkers Police Department, is evidence of the reckless lack of cautious disregard for the rights of the public including the plaintiff and that such conduct or lack thereof exhibited a lack of the that degree of due care which a reasonable and prudent individual would show in executing the duties of the Mayor and the Police Commissioner.

43. The failure of the Mayor of the City of Yonkers and the Police Commissioner to train, supervise , discipline or in any other way to control the defendants in the exercise of their police functions, and their failure to enforce to laws of the State of New York and the regulations of the City of Yonkers Police Department was carried out in a willfully, wantonly and maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York including the Plaintiff.

44. Because of the acts alleged herein, the failure of the City of Yonkers, New York, to discipline the defendant police officers within their employ and the continued employment of the defendants, presents a clear and present danger to the citizens of the City of Yonkers, State of New York, that their Constitutional Rights are being ignored and or that based on the color of their skin, that the Yonkers Police Department discriminates against African Americans based solely on the color of their skin.

## FIFTH CLAIM FOR RELIEF FOR FALSE ARREST

44. That Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1 through "43" with the same force and effect as though more fully set forth at length herein.

45. That by reason of the foregoing, the Plaintiff was intentionally confined by the defendants for a period of approximately twelve (12) hours in a facility under the custody and control of the City of Yonkers, New York, without reasonable cause, probable cause, or legal justification.

46. Plaintiff's detention was without privilege to cause the confinement.

47. Plaintiff did not consent to his detention and was conscious at all times of his confinement.

48. As a consequence thereof, Plaintiff, Moise Alexis was substantially harmed and injured.

49. This action is being brought pursuant to 42. U.S.C. Section 1983 based on the Fourth Amendment right to be free from unreasonable seizures including arrest without probable cause and the excessive use of force.

## FOR A SIXTH CLAIM FOR RELIEF FOR ASSAULT

50. The Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "49" with the same force and effect as though more fully set forth at length herein.

51. That the defendant police officers acting as agents and on behalf of the defendant City of Yonkers, within the scope of their employment, willfully and intentionally and maliciously, assaulted plaintiff by causing the plaintiff to fear for his life by the threats set forth above during the illegal stop, search and seizure of the plaintiff. The Plaintiff was intentionally placed in apprehension of fear and imminent harmful and offensive contact by defendant police officers.

52. As a proximate result of the defendant officers conduct, Plaintiff Moise Alexis has been greatly humiliated, embarrassed and injured in his reputation and has been caused to suffer great pain and suffering and mental anguish.

### FOR A SEVENTH CLAIM OF RELIEF FOR BATTERY.

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "52" with the same force and effect as though more fully set forth at length herein.

54. By the actions described above, the Plaintiff was intentionally touched in a harmful and offensive manner without legal justification or probable cause.

55. As a consequence thereof, Plaintiff, Moise Alexis has been injured.

### FOR AN EIGHTH CLAIM FOR RELIEF FOR INTENTIONL INFLICTION OF EMOTIONAL DISTRESS.

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-55, with the same force and effect as though more fully set forth at length herein.

57. That the defendants police officers, did engage in outrageous conduct which was intended to inflict emotional trauma on the plaintiff by repeatedly beating the plaintiff with their nightsticks and fists without cause, privilege or legal justification and by filing false charges against the Plaintiff and denying him of his civil rights based solely on his race.

58. That by reasons of the foregoing, plaintiff has been caused to be injured by the direct actions of the defendants police officers.

## AS AND FOR A NINTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS.

59. That the plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 58, with the same force and effect as thought more fully set forth at length herein.

60. That an supervisor was present on the scene and observed the incident set forth above which lead to the plaintiff's injuries and that the supervisor and other police offices had a duty to intervene to protect against violations of plaintiff's Constitutional Rights and or to remedy the wrongful actions of the defendant police officers.

61. That the supervisor directly participated in the unlawful police action against the plaintiff.

62. That the supervisor was grossly negligent in his supervision of defendant police officers and was deliberately indifferent to the plaintiff's Constitutional Rights which were violated by defendant police officers deficient performance and knew that plaintiff's rights were being violated by his subordinate police officers but failed to intervene to protect plaintiff's rights although the supervisor had an opportunity to do so

63. That the supervisor's failure to intervene against his subordinate offices violations of the plaintiff's rights constituted the proximate cause of plaintiff's humiliation, degradation, embarrassment, pain, suffering and emotional harm.

## REQUEST FOR RELIEF

**WHEREFORE,** plaintiff respectfully demands the following judgment be entered as follows:

(A) Declaratory relief as follows;

  1. A declaration that plaintiff's right to be free from unreasonable searches, seizures and excessive and unreasonable force under the United States Constitution was violated.

  2. A declaration the plaintiff's right to full and equal benefit of laws and proceedings for the security of persons and property under the Fourteenth Amendment to the United States Constitution was violated.

(B) Compensatory damages in an amount to be fixed at trial.

(C) By reason of the wanton, willful and malicious character of the conduct by defendant police officers complained of herein, punitive damages in an amount to be fixed at trial.

(D) An award to plaintiff of the costs and disbursements herein.

(E) An award of attorney fees under 42 U.S.C.Sections 1988.

(F) Such other and further relief as this Court may deem just and proper.

Dated; June 22, 2007

New York, New York

_____

By: Welton K. Wisham, Esq. WW 8674
The Law Offices of Welton K. Wisham
305 Broadway 9th Floor
New York, New York 10007
212-822-1496
Attorney for the Plaintiff